UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. SOMERVILLE<br>244 15th Street, SE, Apt. 4<br>Washington, DC 20003<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA LIFE INSURANCE COMPANY<br>400 Robert Street North<br>St. Paul, MN 55101<br><br>    Defendant. | *<br>*<br>*<br>*<br>* Civil Action No.<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, Minnesota Life Insurance Company ("Minnesota Life"), pursuant to 28 U.S.C. § 1446, files this notice of removal. The grounds for removal are as follows:

1. On December 27, 2007, plaintiff, William A. Somerville, filed a complaint against Minnesota Life in the Superior Court of the District of Columbia. (True and legible copies of the complaint and summons are attached as Exhibit 1.) The action was assigned case number C.A. No. 8409-07.

2. On December 27, 2007, a summons was issued to Minnesota Life.

3. Minnesota Life received the summons and complaint by mail on January 7, 2008.

4. According to the complaint, and on information and belief, plaintiff is domiciled in the District of Columbia. (*See* Compl., caption.) For purposes of diversity jurisdiction, plaintiff was a citizen of the District of Columbia at the time the complaint was filed and is now a citizen of the District of Columbia.

5. Minnesota Life is a Minnesota corporation and has its principal place of business in Minnesota. Minnesota Life, therefore, is a citizen of the State of Minnesota for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

6. At the time the complaint was filed and at the time of the filing of this notice of removal, there was and is complete diversity of citizenship between plaintiff and Minnesota Life. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1332(e).

7. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (*See* Compl. ¶¶ 4-5 (identifying $108,000 in total benefits and claiming $81,000 in unpaid benefits).)

8. This action is properly removable under 28 U.S.C. § 1441 (removal jurisdiction) on the grounds that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction).

9. Alternatively, because plaintiff is claiming benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e) (ERISA jurisdiction).

10. The plaintiff seeks to recover benefits as beneficiary on an accidental death and dismemberment insurance policy provided by Minnesota Life to the insured, Glenn Somerville, through the insured's employer, MedStar Health, Inc. ("MedStar").

11. Pursuant to 29 U.S.C. § 1003(a)(1), ERISA extends to employee benefits plans established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce. MedStar was, and is, an employer engaged in commerce or activities affecting commerce.

12. ERISA defines an "employee benefit plan" as any plan, fund or program established or maintained by an employer for the purposes of providing participants or their beneficiaries with, among other things, benefits in the event of accident, disability, or death. *See* 29 U.S.C. §§ 1002(1), (3). MedStar established and maintained the plan for the purposes of providing employees with, among other things, benefits in the event of accident, disability, or death.

13. Pursuant to 29 U.S.C. § 1144(a), ERISA's provisions "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan…." The ERISA preemption extends to and includes state common-law claims that "relate to" an ERISA plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987).

14. Because the plaintiff seeks to hold Minnesota Life liable for the payment of plan benefits, the claim relates to the plan, and therefore, is preempted by ERISA. *See, e.g., Bd. of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1486-87 (D.C. Cir. 1996) ("[E]ven general common law causes of action, such as breach of contract, which were not specifically intended to apply to benefit plans covered by ERISA, will nonetheless be preempted insofar they affect ERISA-protected rights."); *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 138 (D.D.C. 2005) (holding breach of contract claims on ERISA plan preempted under 28 U.S.C. § 1144).

15. ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a), completely preempt plaintiff's state law claim, and converts it to a removable federal claim. *See Metro. Life Ins. Co. v. Taylor*, 471 U.S. 58, 65-66 (1987) (holding removal proper where civil enforcement provisions of ERISA preempt state law claims and convert them to federal claims under 29 U.S.C. § 1132(a)).

16. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e) (ERISA jurisdiction). *See Taylor,* 481 U.S. at 63-67.

WHEREFORE, for the reasons stated, Minnesota Life Insurance Company requests that the Court find this case to have been properly removed and assume full jurisdiction over this matter.

Respectfully submitted,

Bryan D. Bolton
Federal Bar No. 02112
Michael P. Cunningham
Federal Bar No. 26010

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201-3111
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)

Attorneys for Minnesota Life Insurance Company

Dated:   January 28, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 28th day of January, 2008, a copy of Minnesota Life Insurance Company's Notice of Removal was mailed, first class, postage prepaid, to:

>Thomas H. Queen, Esquire
>530 Eighth Street, SE
>Washington, DC  20003
>
>Attorney for Plaintiffs

_____
Bryan D. Bolton

20101.001: 111830

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM A. SOMERVILLE
Vs.
MINNESOTA LIFE INSURANCE CO.

C.A. No.   2007 CA 008409 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:   December 27, 2007
Initial Conference: 9:30 am, Friday, March 28, 2008
Location:   Courtroom 112
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001



Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

WILLIAM A. SOMERVILLE

*Plaintiff*

vs.

MINNESOTA LIFE INSURANCE CO.
a corporation
400 ROBERT STREET NORTH
ST. PAUL MN  55101

*Defendant*

Civil Action No. 0008409-07

## SUMMONS

To the above named Defendant:  President, Minnesota Life Insurance Co.

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney  Thomas H. Queen
530 Eighth Street, SE
Washington, DC  20003
Address

(202) 544-4200
Telephone

*Clerk of the Court*

By _____
   Deputy Clerk

Date  DEC 27 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM A. SOMERVILLE )<br>244 15th Street, SE, Apt. 4 )<br>Washington, DC 20003 )<br>      Plaintiff )<br> )<br>v. )<br> )<br>MINNESOTA LIFE INSURANCE CO.,)<br>  a corporation )<br>400 Robert Street North )<br>St. Paul, MN 55101 )<br>      Defendant )<br> )<br>Serve, President )<br>Minnesota Life Insurance Co. )<br>400 Robert Street, North )<br>St. Paul, MN 55101 ) | Civil Action No. 0008409-07<br><br>RECEIVED<br>Civil ... Office<br>DEC 2 7 2007<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

## COMPLAINT FOR LIFE INSURANCE PROCEEDS

1. This Court has jurisdiction pursuant to the applicable Sections of the District of Columbia Code.

2. The plaintiff is the named beneficiary on a contract of life insurance issued to his son, Glenn Somerville, by the defendant, Minnesota Life Insurance Co.

3. The defendant, Minnesota Life Insurance Company, a corporation, is in the business *inter alia*, of providing life insurance policies.

4. Prior to February 15, 2007, the defendant issued a life insurance policy on the life of Glenn Somerville to Glenn Somerville. The designated beneficiary of the

Somerville. Minnesota Life Insurance Company contracted with Glenn Somerville to pay core life insurance proceeds in the amount of $27,000 (twenty-seven thousand dollars) and additional core accidental death benefits in the amount of $27,000 (twenty-seven thousand dollars) and supplemental accidental death benefits in the amount of two times the salary of $27,000 or a total of $54,000.

5. On or about February 15, 2007, Glenn Somerville died in the District of Columbia. The Medical Examiner of the District of Columbia determined that the cause of Glenn Somerville's death was accidental in that he drowned in his bathtub. As a result of the foregoing accidental death, the defendant is contractually obligated to pay to the plaintiff as the designated beneficiary of the life insurance policy, accidental death benefits. Defendant has paid to the plaintiff, the core death benefits. However, in spite of the fact that the plaintiff has complied with all of the contractual requirements of the defendant to show lawful entitlement to the additional accidental death benefits, the defendant has failed and refuses to pay the same to the plaintiff in breach of the contract between the defendant and Glenn Somerville. The plaintiff, William A. Somerville, is the third-party beneficiary of the aforementioned contract of life insurance. In view of the same, the plaintiff is legally entitled to receive the full accidental death benefits that are payable to him.

WHEREFORE, the plaintiff demands that this Court enter an appropriate Order requiring the defendant to pay the total accidental death benefits to the plaintiff. In addition, the plaintiff demands interest, costs, and reasonable attorneys' fees.

*William A. Somerville*
William A. Somerville, Plaintiff
Designated Beneficiary of Glenn Somerville
244 15th Street, SE, Apt. 4
Washington, DC  20003

I, **WILLIAM A. SOMERVILLE**, after first being duly sworn on oath according to law, depose and say I have read the foregoing Complaint for Life Insurance Proceeds and by my hand subscribed, and that the matters and things stated therein are true to the best of my knowledge, information, and belief.

*William A. Somerville*
William A. Somerville

**SUBSCRIBED AND SWORN** to before me on this 21st day of December 2007.

(seal)

*Patricia R Chase*
Notary Public

Commission expires: 9-14-2011

Respectfully submitted,

*Thomas H. Queen*
Thomas H. Queen, Esq., #146340
530 Eighth Street, SE
Washington, DC  20003
202-544-4200
Attorney for the Plaintiff

3

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM A. SOMERVILLE<br>244 15th Street, SE, Apt. 4<br>Washington, DC 20003<br>　　　　Plaintiff<br><br>v.<br><br>MINNESOTA LIFE INSURANCE CO.,<br>a corporation<br>400 Robert Street North<br>St. Paul, MN 55101<br>　　　　Defendant<br><br>Serve, President<br>Minnesota Life Insurance Co.<br>400 Robert Street, North<br>St. Paul, MN 55101 | Civil Action No. |

## JURY DEMAND

Plaintiff demands trial by jury.

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　/s/ Thomas H. Queen
　　　　　　　　　　　　　　　Thomas H. Queen, Esq., #146340
　　　　　　　　　　　　　　　530 Eighth Street, SE
　　　　　　　　　　　　　　　Washington, DC 20003
　　　　　　　　　　　　　　　202-544-4200
　　　　　　　　　　　　　　　Attorney for the Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

William A. Somerville

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Minnesota Life Insurance Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Thomas H. Queen, Esquire
530 Eighth Street, SE
Washington, DC 20003
(202) 544-4200

**ATTORNEYS (IF KNOWN)**

Bryan D. Bolton
Michael P. Cunningham
Funk & Bolton, P.A.
Twelfth Floor, 36 South Charles St
Baltimore, MD 21201-2111
(410) 659-7700 (telephone)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◉ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding    ◉ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1441, removal jurisdiction based on diversity under 28 U.S.C. 1332 and federal question jurisdiction under 28 U.S.C. 1331 and 29 U.S. 1132(e)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ $81,000    Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 1/28/08    SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.