UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. SOMERVILLE, | * |
|     Plaintiff, | * |
| v. | *   Case No. 1:08-CV-162 RMC |
| MINNESOTA LIFE INSURANCE COMPANY, | * |
|     Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ANSWER AND AFFIRMATIVE DEFENSES OF
MINNESOTA LIFE INSURANCE COMPANY

Defendant, Minnesota Life Insurance Company ("Minnesota Life"), for its answer and affirmative defenses to the complaint filed by plaintiff, William A. Somerville, states as follows:

ANSWER

Responding to the allegations in the complaint with like numbered paragraphs, Minnesota Life states as follows:

1. Paragraph 1 states a legal conclusion as to which no answer is required. To the extent an answer is required, jurisdiction is proper in the United States District Court for the District of Columbia.

2. Minnesota Life admits that William A. Somerville is the beneficiary of a group life insurance policy issued by Minnesota Life. Minnesota Life denies issuing an individual life insurance policy to Glenn Somerville. Minnesota Life is without knowledge or information sufficient to form a belief as to the truth of the allegation that Glenn Somerville is the son of William A. Somerville.

3. Admitted.

4.	Minnesota Life admits that, prior to February 15, 2007, it issued a group life insurance policy insuring the life of Glenn Somerville and providing death benefits in the amount of $27,000 and accidental death and dismemberment benefits in the amount of $27,000.  Minnesota Life admits issuing an accidental death and dismemberment policy insuring Glenn Somerville and providing accidental death and dismemberment benefits in the amount of $54,000, approximately two times the salary of Glenn Somerville.  Minnesota Life denies the remaining factual allegations in paragraph 4.

5.	Minnesota Life admits that Glenn Somerville died on or about February 15, 2007 in the District of the Columbia.  Minnesota Life denies that the Medical Examiner of the District of Columbia determined that the "cause" of death of Glenn Somerville was accidental.  Whether Glenn Somerville's death was accidental under the terms of the applicable policies is a legal conclusion as to which no answer is required.  To the extent an answer is required, Minnesota Life is without knowledge or information sufficient to form a belief as to the truth of the allegation that Glenn Somerville's death was accidental.  Whether Minnesota Life is contractually obligated to pay accidental death benefits to William A. Somerville is a legal conclusion as to which no answer is required.  Minnesota Life admits paying life insurance proceeds in the amount of $27,000 to William A. Somerville.  Minnesota Life denies that William A. Somerville satisfied all criteria required to prove entitlement to accidental death benefits and denies that it engaged in a breach of contract.  Whether William A. Somerville is a third-party beneficiary under the applicable group life insurance policy and legally entitled to accidental death benefits are questions of law as to which no answer is required.

AFFIRMATIVE DEFENSES

For its affirmative defenses to the complaint, Minnesota Life states as follows:

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's state-law breach of contract claims are preempted, and therefore barred, because the accidental death benefits sought by plaintiff arise out of and pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

### Third Affirmative Defense

Plaintiff's claims are barred for failure to pursue and exhaust administrative remedies under ERISA.

### Fourth Affirmative Defense

Plaintiff's claims are barred because plaintiff failed to submit adequate proof of entitlement to accidental death benefits.

### Fifth Affirmative Defense

Plaintiff's claims are barred because plaintiff failed to satisfy conditions precedent to entitlement to accidental death benefits under the terms of the applicable ERISA plan.

WHEREFORE, defendant Minnesota Life Insurance Company respectfully requests that this Court dismiss plaintiff's claims with prejudice or, in the alternative, enter a judgment in favor of Minnesota Life and grant such other and further relief as the Court deems just.

Respectfully submitted,


/s/ Bryan D. Bolton
Bryan D. Bolton
Federal Bar No. 02112
Michael P. Cunningham
D. C. Bar No. 471832

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Attorneys for Minnesota Life
Insurance Company

Dated: February 4, 2008
20101.001:112166.3