UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. SOMERVILLE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:08-CV-162 RMC |
| MINNESOTA LIFE INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT LOCAL RULE 16.3 REPORT

Plaintiff William A. Somerville ("Mr. Somerville") and defendant Minnesota Life Insurance Company ("Minnesota Life"), pursuant to District of Columbia Local Rule 16.3 and the Court's February 13, 2008 Order, submit the following joint statement.

Statement of the Case

Minnesota Life maintains that this matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The issue is whether accidental death benefits are payable under the terms of the plan. In order to render a final decision on whether the death was "accidental" under the terms of the plan, Minnesota Life will issue a subpoena to the Medical Examiner of the District of Columbia. After compliance with the subpoena and production by the Medical Examiner, assuming the information is sufficient, Minnesota Life will render a determination regarding whether the decedent's death was "accidental." If the information produced is insufficient, then the parties reserve the right to conduct additional appropriate discovery sufficient for a determination by Minnesota Life.

Once Minnesota Life renders a determination, Mr. Sommerville will have the right to an administrative appeal to Minnesota Life. In an effort to facilitate proceedings in this matter, Minnesota Life is prepared to give expedited consideration to any requested appeal. Assuming the matter remains unresolved and Mr. Sommerville wishes to continue this litigation, then the parties request that the matter be set for early mediation before a magistrate judge of this Court.

Local Rule 16.3(c) Matters

1. <u>Dispositive Motions</u>. Mr. Sommerville maintains that this matter is unlikely to be disposed of by summary judgment motions because of factual issues, which a jury will decide.

Minnesota Life maintains that this matter is likely to be disposed of by summary judgment motions and that a jury trial is unavailable in this ERISA action. *See Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F. Supp. 2d 317, 330-31 (D.D.C. 1999) (following "the overwhelming weight of authority" in concluding that "ERISA does not permit the plaintiff to have her ERISA claim, which sounds in equity, decided by a jury").

2. <u>Joinder of Parties, Amendment of Pleadings, Narrowing of Issues</u>. Although the parties do not anticipate joinder of additional parties or amendment of pleadings, out of an abundance of caution the parties request that the deadline for joinder and amendment be set for April 11, 2008. The facts and legal issues are sufficiently narrow such that no further narrowing is necessary.

3. <u>Assignment to Magistrate Judge</u>. The case should be assigned to a magistrate judge only for purposes of mediation.

4. <u>Settlement Possibility</u>. There is a realistic possibility that the parties will settle this matter.

5. <u>Alternative Dispute Resolution</u>. Having reviewed the matter with their clients, the parties believe this case could benefit from the Court's Alternative Dispute Resolution ("ADR") procedures. The parties request early mediation through a magistrate judge of this Court consistent with the timing set forth in the "Statement of the Case," herein.

6. <u>Summary Judgment/Motions to Dismiss</u>. The case may be resolved through summary judgment motions if mediation is unsuccessful. The opening dispositive motion should be filed within 90 or 120 days after the Court-ordered meditation, and filings thereafter should proceed according to one of the two attached alternative proposed scheduling orders.

7. <u>Rule 26 Initial Disclosures</u>. Mr. Sommerville contends that initial disclosures are necessary. Minnesota Life seeks to dispense with initial disclosures.

8. <u>Discovery</u>. Minnesota Life contends that, in this ERISA matter, discovery should be limited to completing the administrative record before Minnesota Life. *See Block v. Pitney Bowes, Inc.*, 952 F.2d 1450, 1455 (D.C. Cir. 1992) ("Courts review ERISA-plan benefit decisions on the evidence presented to the plan administrators, not on a record later made in another forum.").

Mr. Somerville seeks full discovery at his discretion.

The parties agree to an informal of exchange of the documents constituting the administrative record consistent with the schedule set forth in the "Statement of the Case," herein. The scope of discovery beyond the informal exchange remains unresolved.

9. <u>Expert Witnesses</u>. Mr. Sommerville seeks to permit the involvement of expert witnesses. Minnesota Life seeks to dispense with expert witnesses.

10. <u>Class Actions</u>. This is not a class action.

11. <u>Bifurcation of Trial</u>. Bifurcation or a trial managed in phases is unnecessary.

12. <u>Date for Pretrial Conference</u>. The parties respectfully request that a date for a pretrial conference be set after the Court's ruling on any summary judgment motions.

13. <u>Trial Date</u>. The parties respectfully request that a trial date be set at the pretrial conference.

Respectfully submitted,

<u>/s/ by HMA with permission</u>
Thomas H. Queen
D.C. Bar No. 146340
thqandassoc@aol.com

Thomas H. Queen & Associates
530 Eighth Street, SE
Washington, District of Columbia 20003
202.544.4200 (telephone)
202.546.7469 (facsimile)

<u>/s/ Hisham M. Amin</u>
Bryan D. Bolton
Federal Bar No. 02112
bdbolton@fblaw.com
Michael P. Cunningham
D.C. Bar No. 471832
mcunningham@fblaw.com
Hisham M. Amin
Federal Bar No. MD 15770
hamin@fblaw.com

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Dated: March 6, 2008
20101.001. 113129 v.3

Attorneys for Minnesota Life
Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. SOMERVILLE,                     *

    Plaintiff,                                    *

v.                                                        *    Case No. 1:08-CV-162 RMC

MINNESOTA LIFE INSURANCE COMPANY,    *

    Defendant.                                  *

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## MINNESOTA LIFE'S PROPOSED SCHEDULING ORDER

| | |
|---|---|
| Deadline for Joinder of Parties and Amendment of Pleadings | April 11, 2008 |
| Discovery Deadline and Submission of Status Report to Court | 60 days after Mediation |
| Requests for Admissions | 70 days after Mediation |
| Dispositive Motions/Opening Summary Judgment Motion | 90 days after Mediation |
| Cross-Motion/Opposition to Opening Motion | 21 days from filing of Opening Motion |
| Opposition to Cross-Motion/Reply in Support of Opening Motion | 14 days from filing of Cross-Motion/Opposition |
| Final Reply in Support of Summary Judgment | 14 days from filing of Opposition to Cross-Motion/Reply |

So Ordered,

_____/s/_____
ROSEMARY M. COLLYER
United States District Court Judge

20101.001. 113129 v.3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. SOMERVILLE,               *

    Plaintiff,                              *

v.                                                *    Case No. 1:08-CV-162 RMC

MINNESOTA LIFE INSURANCE COMPANY,    *

    Defendant.                          *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MR. SOMMERVILLE'S PROPOSED SCHEDULING ORDER

| | |
|---|---|
| Deadline for Joinder of Parties and Amendment of Pleadings | April 11, 2008 |
| Plaintiff's Rule 26(b) Expert Disclosures | 30 days after Mediation |
| Defendant's Rule 26(b) Expert Disclosures | 60 days after Mediation |
| Discovery Deadline and Submission of Status Report to Court | 90 days after Mediation |
| Requests for Admissions | 100 days after Mediation |
| Dispositive Motions/Opening Summary Judgment Motion | 120 days after Mediation |
| Cross-Motion/Opposition to Opening Motion | 21 days from filing of Opening Motion |
| Opposition to Cross-Motion/Reply in Support of Opening Motion | 14 days from filing of Cross-Motion/Opposition |
| Final Reply in Support of Summary Judgment | 14 days from filing of Opposition to Cross-Motion/Reply |

So Ordered,

_____/s/_____
ROSEMARY M. COLLYER
United States District Court Judge

20101.001. 113129 v.3