

| | DAVID M. FUNK (MD) | ASSOCIATES | OF COUNSEL |
|---|---|---|---|
| | BRYAN D. BOLTON (MD, PA) | AMY L. STRACHAN (PA, NJ) | STEPHEN P. CARNEY (MD) |
| | REN L. TUNDERMANN (MD) | TAMAL A. BANTON (MD) | GARY C. HARRIGER (MD) |
| | CHARLES D. MACLEOD (MD) | SHANI DINOVITZ (MD) | DONNA B. IMHOFF (MD) |
| | TIFFANY HANNA ANDERSON (MD) | PATRICK W. THOMAS (MD) | ROBERT H. LEVAN (MD, DC, NY) |
| | LINDSEY A. RADER (MD) | MARIBEL ROIG (MD) | CHRISTOPHER W. POVERMAN (MD, DC, NJ) |
| | DEREK B. YARMIS (MD, DC) | JUSTIN S. LANDRETH (NY) | DEBORAH R. RIVKIN (MD) |
| | JEFFERSON L. BLOMQUIST (MD) | | KAREN P. RUFF (MD) |
| | MICHAEL P. CUNNINGHAM (MD, DC) | | RONALD L. SOUDERS (PA, DC) |
| | HISHAM M. AMIN (MD) | | VICTOR K. TERVALA (MD) |
| | JAMES F. TAYLOR (MD) | | |
| | ERNEST A. CROFOOT (MD) | | |

A PROFESSIONAL ASSOCIATION
TWELFTH FLOOR
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND
21201-3111
PHONE: 410.659.7700
FAX: 410.659.7773
www.fblaw.com

Writer's Direct Dial: (410) 659-4980
hamin@fblaw.com

May 28, 2008

The Honorable Rosemary M. Collyer                                   Via Electronic Filing
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re:    *William A. Somerville v. Minnesota Life Insurance Company*
            Civil Action No. 08-162 (RMC)
            **Request For Emergency Telephone Conference**

Dear Judge Collyer:

      Per the Court's Scheduling Order, defendant Minnesota Life Insurance Company ("Minnesota Life") respectfully requests an emergency telephone conference to resolve a discovery dispute created by a third party in this matter.

      As the Court is aware, the issue in this case is whether plaintiff, William Somerville, is entitled to accidental death benefits based on the death of his son. In order to render a final decision on whether the decedent's death was, in fact, "accidental," Minnesota Life issued a subpoena to the Medical Examiner of the District of Columbia. The documents produced by the Medical Examiner revealed that the Examiner's analysis relied on information in the possession of Kaiser Permanente ("Kaiser").

      On April 30, 2008, Minnesota Life served a subpoena on Kaiser seeking the medical records of the decedent. Minnesota Life provided Kaiser an authorization to release the records executed by Mr. Somerville, the decedent's father. The deadline to respond to the subpoena was May 14, 2008. Kaiser did not respond to the subpoena at any time on or before May 14, 2008.

      On May 19, 2008, Kaiser suggested it may not produce the records without an authorization executed by the decedent's widow. Kaiser subsequently informed Minnesota Life that, if no estate was opened concerning the decedent's property, the authorization executed by the father would be sufficient. On May 27, 2008,

The Honorable Rosemary M. Collyer
May 28, 2008
Page 2

without regard to whether an estate was opened, Kaiser informed Minnesota Life that it would not produce the records because the decedent's widow apparently refused to authorize the production. Instead, Kaiser asserted it could simply send the "three volumes" of documents to the Court "under seal."

    Minnesota Life respectfully submits that Kaiser's failure to follow the Federal Rules and its attempt to dump a plethora of documents on the Court is entirely unwarranted. Minnesota Life urgently needs the Kaiser documents in order to comply with the Scheduling Order requirement that Minnesota Life issue a determination on whether the death was accidental by no later than June 23, 2008. Given Kaiser's dilatory and obstructive conduct, Minnesota Life requests an Order of this Court requiring Kaiser to immediately produce the documents to Minnesota Life and not to send the documents to the Court "under seal." Minnesota Life, of course, will keep the documents confidential and use them only in connection with this litigation.

    Accordingly, Minnesota Life respectfully requests an emergency conference call with the Court to discuss this matter.

    The Court's attention to this matter is appreciated.

Respectfully,

*Hisham M. Amin*

Hisham M. Amin

HMA:dlh
cc:    Thomas H. Queen, Esquire (*via* electronic filing)

20101.001: 115137 v.2

