UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. SOMERVILLE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:08-CV-162 RMC |
| MINNESOTA LIFE INSURANCE COMPANY, | * | |
| Defendant. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

QUALIFIED PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY OF
INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION

Plaintiff, William A. Somerville ("Mr. Somerville"), and defendant, Minnesota Life Insurance Company ("Minnesota Life"), pursuant to Local Civil Rule 16.6 and the Court's Order dated June 2, 2008, hereby stipulate and agree to the following:

1. On or about December 27, 2007, Mr. Somerville filed a complaint against Minnesota Life alleging entitlement to accidental death benefits based on the death of his son, Glenn A. Somerville, Sr. ("Decedent").

2. Without addressing whether either party in this matter is regulated or covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), both parties recognize that HIPAA serves the important interest of preserving confidentiality of medical information. The parties further acknowledge that recipients of this protective order will include entities that adhere to HIPAA.

3. The parties, moreover, recognize that this action may involve disclosure of medical records, documents, and other information contemplated by HIPAA's standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164. The parties further

acknowledge that this action has involved, and may continue to involve, communications with healthcare providers including Kaiser Permanente ("Kaiser"), and entities reviewing the Decedent's physical condition at the time of his death, such as the District of Columbia Police Department (the "Police Department").

4. Accordingly, as is expressly permitted under HIPAA, the parties intend this stipulation to be a qualified protective order sufficient to meet the requirements of 45 C.F.R. § 164.512(e)(1)(v). As provided therein, this qualified protective operates in lieu of an authorization from the Decedent's representative. Notwithstanding the effect of this protective order as a matter of law, Mr. Somerville, as the Decedent's father, expressly authorizes disclosure of his son's medical records, health information, and documents germane to this action, including but not limited to documents provided by the Police Department.

5. As contemplated by 45 C.F.R. § 164.512(e)(1)(v)(A), the parties agree not to use or disclose any individually identifiable health information or protected health information for any purpose other than this litigation.

6. As contemplated by 45 C.F.R. § 164.512(e)(1)(v)(B), the parties agree that, after the termination of this action, any individually identifiable health information or protected health information (including all copies made) will be destroyed or returned to the disclosing person or entity.

7. When seeking or making disclosures of individually identifiable health information or protected health information in connection with this action, the parties shall instruct any person to whom such disclosures are made or sought to: (i) comply with this stipulation; (ii) destroy or return any disclosed copies of individually identifiable health information or protected health information prior to

or upon the termination of this action; and (iii) refrain from disclosing any individually identifiable health information or protected health information except as provided herein or required by law.

8. Unless notified in writing that any of the parties are not adhering to the terms of this protective order, all healthcare providers and entities reviewing or analyzing the Decedent's health or physical condition in receipt of this qualified protective order are expressly authorized to disclose to the undersigned parties information regarding and copies of all records and documents concerning, referring to, or relating to any care, treatment, examination, medication, and/or services provided to or concerning Decedent.

9. The parties anticipate that individually identifiable health information and protected health information may be included within discovery responses of both parties and non-parties. This qualified protective order, therefore, will apply to disclosures made by parties and non-parties.

10. Accordingly, the documents and information to be protected pursuant to this qualified protective order are the records, information, and documents disclosed under ¶¶ 8 and 9 herein, and the Decedent's "individually identifiable health information" and "protected health information," as those terms are defined by 45 C.F.R. § 160.103.

Respectfully submitted,

| | |
|---|---|
| /s/ by HMA with permission | /s/ Hisham M. Amin |
| Thomas H. Queen | Bryan D. Bolton |
| D.C. Bar No. 146340 | Federal Bar No. 02112 |
| thqandassoc@aol.com | bdbolton@fblaw.com |
| | Michael P. Cunningham |
| Thomas H. Queen & Associates | D.C. Bar No. 471832 |
| 530 Eighth Street, SE | mcunningham@fblaw.com |
| Washington, District of Columbia 20003 | Hisham M. Amin |
| 202.544.4200 (telephone) | Federal Bar No. MD 15770 |
| 202.546.7469 (facsimile) | hamin@fblaw.com |
| | |
| | Funk & Bolton, P.A. |
| | Twelfth Floor |
| | 36 South Charles Street |
| | Baltimore, Maryland 21201-3111 |
| | 410.659.7700 (telephone) |
| | 410.659.7773 (facsimile) |
| Dated: June 9, 2008 | Attorneys for Minnesota Life Insurance Company |

So Ordered,

_____
The Honorable Rosemary M. Collyer
United States District Court Judge

20101.001. 115109 v.2