UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. SOMERVILLE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:08-CV-162 RMC |
| MINNESOTA LIFE INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF MINNESOTA LIFE INSURANCE COMPANY TO
AMEND SCHEDULING ORDER BASED ON PLAINTIFF'S
WITHHOLDING OF MEDICAL RECORDS**

Minnesota Life Insurance Company ("Minnesota Life") moves, pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.4, to amend the scheduling order to extend the time for defendant to render a decision regarding the nature of plaintiff's death from July 23, 2008 to August 1, 2008. The grounds for this motion are set forth below.

1. Plaintiff filed this action seeking ERISA welfare plan benefits, specifically accidental death benefits under a group policy of insurance issued by Minnesota Life, which insured the life of Glenn Somerville. Prior to the filing of this action, Minnesota Life was unable to obtain the medical records necessary to render a decision on whether Mr. Somerville's death was accidental.

2. After removing this action to Federal Court, Minnesota Life promptly issued subpoenas to the Chief Medical Examiner of the District of Columbia and Kaiser Permanente North Capitol Medical Center ("Kaiser Permanente").

3. Kaiser Permanente refused to comply with the subpoena. Although Minnesota Life attempted to respond to various concerns raised by Kaiser Permanente, Kaiser Permanente unilaterally opted to send Mr. Somerville's medical records to the Court in sealed envelopes.

4. In order to address the problem related to the Kaiser Permanente medical records on file with the Court, counsel for Minnesota Life prepared and filed a HIPAA Protective Order. The Court approved and entered that order on June 12, 2008.

5. On June 26, 2008, the Court held a status conference with the parties. At the status conference, the Court distributed medical records from Kaiser Permanente to Thomas Queen, counsel for plaintiff, and Hisham Amin, counsel for Minnesota Life. At the time, counsel for the parties believed they were receiving duplicate sets of records produced by Kaiser Permanente. (A declaration from Hisham Amin, former counsel of record for Minnesota Life, is attached as Exhibit 1. *See* ¶ 2.)

6. At the scheduling conference, the Court amended the scheduling order by allowing Minnesota Life until July 23, 2008 to render a decision regarding the nature of plaintiff's death. (*See* June 26, 2008 Minute Entry Order.) Plaintiff would then have until September 22, 2008 to inform Minnesota Life whether he will administratively appeal the decision. (*Id.*) Minnesota life would have until October 22, 2008 to render a decision on the appeal. (*Id.*)

7. The morning after the status conference, June 27, 2008, Mr. Amin discovered that the documents received from the Court were only one-half of a complete set and suspected Mr. Queen, plaintiff's counsel, had the other half of the Kaiser Permanente medical records. (Amin Decl. ¶ 4.) Mr. Amin repeatedly called Mr. Queen that day and eventually reached Mr. Queen that afternoon. (*Id.*) In order to keep this case on track, Mr. Amin proposed that Mr. Queen send

2

the Kaiser Permanente documents in his possession to Mr. Amin's office via Federal Express at Minnesota Life's expense for delivery on Monday June 30, 2008. (*Id.*) Mr. Amin further offered to promptly provide Mr. Queen with a copy of the documents. (*Id.*) Mr. Amin informed Mr. Queen that he hoped to receive the documents by no later than Monday June 30, 2008. (*Id.*) Mr. Queen refused this offer, stating he would make his own copies and deliver the missing Kaiser Permanente records to Mr. Amin's office by Tuesday July 1, 2008. (*Id.*)

8. On June 30, 2008, Mr. Amin sent Mr. Queen copies of the Kaiser Permanente documents that Mr. Amin had received from the Court.

9. On July 1, 2008, Mr. Queen failed to deliver the missing Kaiser Permanente records to Minnesota Life. Minnesota Life's counsel contacted Mr. Queen on July 1, 2008 to inform him the missing Kaiser Permanente records had not been received and to inquire about their status. (Amin Decl. ¶ 6.) Mr. Queen's office responded that the copying was not complete and the missing Kaiser Permanente records would not be sent to Minnesota Life's counsel until July 2, 2008. (*See* July 1, 2008 letter from Bryan Bolton, Esquire to Thomas Queen, Esquire, attached as Exhibit 2.)

10. Immediately after being informed of this delay, counsel for Minnesota Life wrote to Mr. Queen, plaintiff's counsel, and explained that plaintiff's delay in delivery of the missing Kaiser Permanente medical records would necessitate a brief delay in the scheduling order. Counsel for Minnesota Life asked plaintiff's counsel, Mr. Queen, to stipulate to an extension of time until August 1, 2008, in order to allow Minnesota Life time to review the missing Kaiser Permanente records. (*See* July 1, 2008 letter from Bryan Bolton, Esquire to Thomas Queen, Esquire.) Although this delay was entirely attributable to plaintiff's failure to send the missing records to Mr. Amin, plaintiff's counsel refused to consent and suggested somehow this delay

3

was part of an effort by Minnesota Life to delay deciding this claim. (*See* July 2, 2008 letter from Thomas Queen, Esquire to Bryan Bolton, Esquire, attached as Exhibit 3.) Not surprisingly, this specious assertion was not supported by any record citation and is completely contrary to the extensive efforts undertaken by Minnesota Life to honor the Court's order.

11.  On July 3, 2008, Minnesota Life's counsel finally received the missing Kaiser Permanente medical records from plaintiff's counsel. The Kaiser Permanente records received from plaintiff's counsel on July 3, 2008, total 589 pages and include provider notes from 1997 through the death of Mr. Somerville in 2007. These documents cover the most recent treatment of Mr. Somerville and are especially relevant to Minnesota Life's evaluation of the nature of Mr. Somerville's death. The documents Minnesota Life's counsel originally received from the court consisted primarily of laboratory reports, with no provider notes dated after 1997. Although Minnesota Life's counsel sent the documents received from Mr. Queen to Minnesota Life via Federal Express on Thursday July 3, 2008, Minnesota Life will not receive the missing Kaiser Permanente medical records until Monday July 7, 2008.

12.  As a result of the delay caused by plaintiff's retention of the missing Kaiser Permanente medical records, Minnesota Life was unable to review any of the 589 pages of Kaiser Permanente medical records between June 27, 2008 and July 7, 2008. This delay reduced the time for Minnesota Life to render a claim decision on a complete record from 27 days to 17 days. Based on the extensive efforts undertaken by Minnesota Life to cure this problem, plaintiff's rejection of those efforts, coupled with plaintiff's delay in delivering the missing Kaiser Permanente medical records to Minnesota Life, Minnesota Life respectfully submits a brief adjournment of the claim decision deadline is in order.

13. Based on the volume of the missing Kaiser Permanente medical records, the proximity in time of the records to the date of death, and that the records largely consist of provider notes, the remaining time is insufficient to fairly consider all this documentary evidence and render a fair and impartial claim decision on the cause of Mr. Somerville's death. Minnesota Life, therefore, requests an additional eight days (less than the ten days lost), until August 1, 2008, to submit a final decision on the cause of Mr. Somerville's death.

14. Minnesota Life is not proposing any other changes in the amended scheduling order dated June 26, 2008 Order. Plaintiff, therefore, would still have more than a month and a half to inform Minnesota Life whether he intends to appeal the claims decision.

WHEREFORE, Minnesota Life Insurance Company respectfully requests this Court to extend the time for defendant to render a decision regarding the nature of plaintiff's death to August 1, 2008.

Respectfully submitted,

/s/ Bryan D. Bolton
Bryan D. Bolton
Federal Bar No. 02112
bbolton@fblaw.com
Michael P. Cunningham
D.C. Bar No. 471832
mcunningham@fblaw.com

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Attorneys for Minnesota
Life Insurance Company

Dated: July 7, 2008
20101.001: 115981v2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. SOMERVILLE,     *

    Plaintiff,     *

v.     *    Case No. 1:08-CV-162 RMC

MINNESOTA LIFE INSURANCE COMPANY,     *

    Defendant.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER GRANTING MINNESOTA LIFE INSURANCE COMPANY'S MOTION TO AMEND SCHEDULING ORDER BASED ON PLAINTIFF'S WITHHOLDING OF MEDICAL RECORDS**

UPON CONSIDERATION of defendant Minnesota Life Insurance Company's Motion To Amend Scheduling Order Based On Plaintiff's Withholding Of Medical Records, it is this _____ day of _____, 2008,

ORDERED that the motion is GRANTED and that Minnesota Life Insurance Company shall have until August 1, 2008 to render a decision regarding the nature of plaintiff's death.

_____
ROSEMARY M. COLLYER
United States District Judge

**PERSONS TO BE NOTIFIED OF ENTRY<br>OF PROPOSED ORDER**

Thomas H. Queen, Esquire
530 Eighth Street SE
Washington, D.C. 20003

Attorney for Plaintiff


Bryan D. Bolton
Michael P. Cunningham
Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Attorneys for Minnesota
Life Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. SOMERVILLE, | * |
| Plaintiff, | * |
| v. | *   Case No. 1:08-CV-162 RMC |
| MINNESOTA LIFE INSURANCE COMPANY, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DECLARATION OF HISHAM M. AMIN

I, Hisham M. Amin, affirm under penalty of perjury and based upon personal knowledge that the facts set forth herein are true and correct:

1. I am over eighteen years of age and am competent to testify upon the facts and circumstances stated herein.

2. I represented Minnesota Life Insurance Company ("Minnesota Life") in this matter as an attorney with the law firm of Funk & Bolton, P.A. until I withdrew my appearance on June 27, 2008. Bryan D. Bolton and Michael P. Cunningham, also of Funk & Bolton, P.A., remain counsel of record for Minnesota Life.

3. On behalf of Minnesota Life, I attended a status conference before the Court on June 26, 2008. At the status conference the Court handed out medical records produced by Kaiser Permanente to both Thomas Queen, counsel for plaintiff, and myself. At the time, I believed Mr. Queen and I each received a duplicate set of documents produced by Kaiser Permanente.

4. The next day, June 27, 2008, I discovered the documents I received were only one-half of the complete records and I suspected Mr. Queen possessed the other half. I called


EXHIBIT 1

Mr. Queen several times that day before finally reaching him in the afternoon. We confirmed that we each had only received one-half of the Kaiser Permanente documents. I proposed that Mr. Queen send the Kaiser Permanente documents in his possession to my office via Federal Express at my office's expense for delivery on Monday June 30, 2008. I further offered to provide Mr. Queen with a copy of the documents immediately thereafter. I informed Mr. Queen that we hoped to receive the documents by no later than June 30, 2008. In response, Mr. Queen stated that he would have his set of documents copied and delivered to my office by Tuesday July 1, 2008.

5. On June 30, 2008, I sent Mr. Queen copies of the Kaiser Permanente documents I received from the Court.

6. On July 1, 2008, my office contacted Mr. Queen's office to inform him that we had not received the Kaiser Permanente documents as promised and to inquire about their status. I was informed by Lyzka DeLaCruz that the documents would be sent from Mr. Queen's office by Federal Express on July 2, 2008.

7. On July 3, 2008, my office received the missing Kaiser Permanente documents from Mr. Queen.

I SOLEMNLY AFFIRM under the penalties of perjury and upon personal knowledge that the foregoing statements are true and correct.

Dated: July 3, 2008

_____
Hisham M. Amin

20101.001: #115981



DAVID M. FUNK (MD)
BRYAN D. BOLTON (MD, PA)
REN L. TUNDERMANN (MD)
CHARLES D. MACLEOD (MD)
TIFFANY HANNA ANDERSON (MD)
LINDSEY A. RADER (MD)
DEREK B. YARMIS (MD, DC)
JEFFERSON L. BLOMQUIST (MD)
MICHAEL P. CUNNINGHAM (MD, DC)
HISHAM M. AMIN (MD)
JAMES F. TAYLOR (MD)
ERNEST A. CROPOOT (MD)

ASSOCIATES
AMY L. STRACHAN (PA, NJ)
TAMAL A. BANTON (MD)
SHANI DINOVITZ (MD)
PATRICK W. THOMAS (MD)
MARIBEL ROIG (MD)
JUSTIN S. LANDRETH (NY)

OF COUNSEL
STEPHEN P. CARNEY (MD)
GARY C. HARRIGER (MD)
DONNA B. IMHOFF (MD)
ROBERT H. LEVAN (MD, DC, NY)
CHRISTOPHER W. POVERMAN (MD, DC, NJ)
DEBORAH R. RIVKIN (MD)
KAREN P. RUFF (MD)
RONALD L. SOUDERS (PA, DC)
VICTOR K. TERVALA (MD)

A PROFESSIONAL ASSOCIATION
TWELFTH FLOOR
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND
21201-3111
PHONE: 410.659.7700

July 1, 2008

*Via Facsimile*

Thomas H. Queen, Esquire
530 Eighth Street S.E.
Washington, D.C. 20003

    Re:   *Somerville v. Minnesota Life Insurance Company*
            Civil Action No. 1-08-CV-0162

Dear Mr. Queen:

    As you know, I am taking over responsibility for this matter from my departing colleague, Hisham Amin. On Friday of last week, Hisham contacted you to explain that the Court had distributed roughly half of the Kaiser Permanente records to each party, not two duplicate sets, as the Court believed. For this reason, Hisham asked you to send the documents to us immediately, at our expense, via Federal Express, and offered to return copies of the records to you. Hisham made this offer in order to keep this case on track with the schedule established by the Court at last week's conference. You represented the documents would be delivered to us by today.

    When we failed to receive any documents from your office today, we contacted your office to ascertain the status of the missing Kaiser Permanente records. We were advised by your office that the copying is not complete and will not be complete until tomorrow. This means we will not receive the records until Thursday (July 3, 2008). Assuming we receive the records on July 3, and even if we send them via Federal Express to our client, Minnesota Life, our client will not receive the documents until Monday July 7, 2008.

    As a result of this delay, Minnesota Life would only have approximately two weeks to render a claims decision in this matter. This clearly is insufficient time and is inconsistent with the schedule the Court intended to establish. I am writing to inquire whether you will agree to a consent motion asking the Court to extend the deadline for rendering an initial decision on the claim to August 1, 2008. We are willing to adhere to all the



EXHIBIT 2

Thomas H. Queen, Esquire
July 1, 2008
Page 2

other deadlines established by the Court. This change, however, assumes we receive a complete set of the Kaiser Permanente records by no later than 10:00 am on Thursday July 3, 2008.

Please let me know if you are willing to agree to the above.

Sincerely,

Bryan D. Bolton

BDB/sac
115942



Law Offices
# THOMAS H. QUEEN
and Associates
530 Eighth Street, S.E.
Washington, D.C. 20003
(202) 544-4200

THOMAS H. QUEEN*
CHARLES A. QUEEN
RUDOLPH D. SMITH, JR.+
LYZKA P. DELACRUZ*

FACSIMILE
(202) 546-7469

*ADMITTED D.C. AND MD
+ADMITTED D.C. AND NY

July 2, 2008

Bryan D. Bolton, Esq.               **VIA FEDERAL EXPRESS**
Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, MD  21201-3111

Re: *William A. Somerville vs. Minnesota Life Insurance Co.*
Case No. 1:08-cv-00162

Dear Mr. Bolton:

As you are aware, Judge Collyer, through inadvertence, distributed one-half of the Kaiser Permanente records to me and one-half to Mr. Amin. Unfortunately, I was not able to complete the copying the records until today. At this time, I am enclosing the original copies of the Kaiser Permanente records, which were distributed to me by Judge Collyer.

As you are aware, the Court has ordered Minnesota Life to produce the initial disclosure documents, including the application for life insurance, the insurance policy, etc. Please be certain to provide me with those documents per the Order of the Court.

On Tuesday, July 1, I informed Mr. Amin's assistant, Denise, that in any event I would provide the copies of the documents to your office not later than Thursday, July 3. You will have them on July 3 in the morning.

EXHIBIT
3

Bryan D. Bolton, Esq.
July 2, 2008
Page 2 of 2

    At this time, I do not have the permission of my client to consent to the extension that you request. My client is extremely concerned that Minnesota Life has taken such an extraordinarily long time to determine whether it will pay the additional life proceeds.

    Thank you for your cooperation.

                        Sincerely,

                        Thomas H. Queen

THQ:prc
Enclosure
cc: William Somerville